PHILIP CRAWFORD *et. al., v.* DAVID McADAMS.

A bill filed by the sureties to a bond against the obligee, alleging that the bond is tainted with usury, the knowledge of which is confined to the principal and the defendant, and praying that the testimony of the principal be perpetuated, will not be entertained unless the plaintiffs offer to pay what they acknowledge to be really due.

(Observations by Pearson, C. J., upon the distinction ordinarily taken in this connection, between bills of discovery, and bills to perpetuate testimony.)

(*Miller* v. *Miller*, Phil. Eq. 85, cited and approved.)

BILL to perpetuate testimony, filed at Fall Term 1867 of the Court of Equity for ALAMANCE, when a general demurrer was filed and set down for argument. At Spring Term 1868 the cause was transmitted to this Court.

The plaintiffs were sureties for one John Tapscott, on a bond executed to the defendant upon the 18th of December 1858. The bill alleges that Tapscott was indebted to the defendant

in several notes, amounting, on the day said bond was executed, to $1,485.42, and that Tapscott, in order to have further indulgence, agreed to give therefor his bond with security for $1,500, payable one day after date; that such bond was prepared, and the plaintiffs, in ignorance of the circumstances under which it was given, became sureties upon it; that the intent of the bond was, that the defendant should receive more than the legal rate of interest for the forbearance of $1,485.42, and the bond was therefore null and void; that the knowledge of this usury was confined to the defendant and Tapscott, and that the defendant declined to sue upon the bond, though notified by the plaintiffs of their intention not to pay it. It was further alleged that Tapscott had become unable to pay all his debts, and that the plaintiffs had reason to fear that if he should die and thus they could not avail themselves of his testimony, they would be compelled to pay the bond. The prayer was that Tapscott might be examined touching the usury in the consideration of the bond, and that such testimony be perpetuated.

No counsel for the plaintiffs.

*Phillips & Battle,* for the defendant.

PEARSON, C. J.   When testimony is perpetuated, the depositions cannot be used until after the death of the witnesses, and are not published until after their death.   It follows that whatever may have been the perjury committed it must go unimpeached.   The testimony therefore is not given under a sanction of the penalties, which the law imposes upon the crime of purjury.   For this reason Courts of Equity do not entertain bills to perpetuate testimony unless where it is absolutely necessary to prevent a failure of justice, *Angell* v. *Angell,* 1 Sim. & Stu. 83.

If it be possible that the matter in controversy can be made the subject of immediate judicial investigation by the party who seeks to perpetuate testimony, Courts of Equity will not entertain a bill for that purpose, *Duke of Dorset* v. *Girdler,* Prec. Ch. 531.

So the question is, can the plaintiffs have an *immediate judicial investigation* of the usury with which they allege the note is tainted? A surety is not bound to wait until he is forced to pay the debt, but is allowed to file a bill "*quia timet,*" and obtain a decree that the principal pay the debt for his exoneration, *Miller* v. *Miller*, Phil. Eq. 85. So, if a surety fears that by the delay of a creditor the principal may become insolvent, he has election either to discharge the debt, and sue his principal for " money paid," or to file a bill "*quia timet.*" For the like reason, if he fears that material testimony in regard to a payment may be lost by delay, he may file a bill in order to have the true value fixed, and a decree that the principal pay the value for his exoneration. Adams' Eq. The difficulty in our case is, that the plaintiffs cannot proceed in Equity without paying the true debt, for which they are in conscience bound; whereas, their object is, to put themselves in a condition to defend the action which may hereafter be brought on the bond, and avoid payment of the true debt as well as of the usurious excess, by pleading the statutes against usury. The matter then is reduced to this: The plaintiffs have it in their power to obtain an "*immediate judicial investigation*" in regard to the alleged usury! But in order to obtain it, they are required in Equity to pay the true debt as a condition precedent. Will a Court of Equity for this consideration make an exception to the rule, that bills to perpetuate testimony are never entertained, unless it is *absolutely* necessary to prevent a failure of justice? or will the Court make an exception to the rule, " he who comes into Equity must do Equity," and allow a "*quia timet*" bill by sureties under these circumstances to be filed without payment of the true debt? Or will the Court adhere to both rules, and dismiss the bill, on the ground that it is not necessary to entertain it to prevent a failure of justice; and that it is not for the plaintiffs to elect to invoke the jurisdiction in regard to perpetuating testimony rather than that in regard to the " exoneration of sureties," because by the latter they are required to perform a condition precedent, when the

question of usury is made, which condition they seek to evade as harsh and unreasonable, particularly when the true debt amounts to $1,485.42, and the alleged usurious bond to $1,500—difference, $14.58!!! From this course of reasoning we are led to the conclusion that the bill must be dismissed. It is to be regretted that the Court was not aided by an argument on the side of the plaintiffs. We have not been able to find any case in point, and were forced to rely upon original reasoning. To locate a grant when there are no marked trees, is a very different task from that of tracing a well marked line.

Mr. Phillips, who argued the case for the defendant, upon an intimation by a member of the Court in his favor, thought proper to call the attention of the Court to a class of cases, which he thought seemed to point the other way, and referred to 2 Story Eq., sec. 1509.

These cases make a distinction between a bill for discovery and a bill to perpetuate testimony. The former is never entertained in cases which involve a penalty or forfeiture of a public nature: and, in cases which involve only a penalty or forfeiture of a private nature, it would not lie, unless the party entitled to the benefit of the penalty or forfeiture waives it. No such objection exists in regard to a bill to perpetuate testimony.

There are two reasons for taking this distinction.

1st. "A discovery" may be used as a confession to convict the party on an indictment, or to subject him to a forfeiture or penalty; but "testimony perpetuated," can only be used in the particular case, and not until after the death of the witness.

2d. In bills "for discovery," no intent to defraud the administration of the law is alleged, whereas, in a bill to perpetuate testimony, it is necessary to aver, that the plaintiff has no means of bringing the matter to a judicial investigation, and, that the defendant, taking advantage of this circumstance, is "lying by" and awaiting the death of the witness, with an intent to cause a failure of justice, by depriving the plaintiff of the means of proving a legal ground of defence. For

instance : A plaintiff alleges the defendant holds a forged bond on him, and asks for a discovery; the bill will not be entertained, because it seeks to make the defendant criminate himself, and the discovery may be used as evidence in an indictment for forgery; but a bill to perpetuate testimony will be entertained, for the testimony can only be used *in an action between the parties*, on the plea of *non est factum ;* and therefore, to prevent a failure of justice, a Court of Equity will perpetuate the testimony. So, if the *principal* in a bond seeks to have a discovery in respect to alleged usury, the Court will say, " Do Equity before you ask for equity;" that is, pay, or offer to pay the true debt; but, if he simply seek to have the testimony of a witness perpetuated, and avers that he has no means of bringing the matter to an immediate judicial investigation, and that the defendant is " lying by" and waiting for the death of the witness, in order thereby to defraud him of his ground of defence, the Court will say, the testimony ought to be perpetuated, without imposing terms; for the defendant has it in his power by suing on the bond, to have the matter fairly tried, and his refusal to do so is an attempt to commit a fraud on the administration of justice, by taking advantage of the fact that the plaintiff has no possible means of having the matter before a Court for immediate judicial investigation.

In our case, the plaintiffs, being sureties, have it in their power to bring the matter before the Court for immediate judicial investigation, by a bill in Equity, " *quia timet,*" and the allegation that it is not in their power to do so, which is the foundation on which a bill to perpetuate testimony is based, is not true. The circumstance that, in order to get this immediate judicial investigation, by a rule of the Court of Equity, it is necessary for the plaintiffs to pay the true debt, cannot dispense with the necessity of making this allegation. The allegation is made in the bill under consideration, and, in our view of the subject, it is not true.

The demurrer must be sustained.

PER CURIAM.                    Bill dismissed.